RUFUS-ISAACS ACLAND & GRANTHAM LLP
ALEXANDER RUFUS-ISAACS, State Bar No. 135747
  *aisaacs@rufuslaw.com*
232 N. Canon Drive
Beverly Hills, California 90210
Telephone: (310) 274-3803
Facsimile: (310) 860-2430

Attorneys for Petitioners News Group
Newspapers Limited and Dan Wootton

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEWS GROUP NEWSPAPERS LIMITED, a company incorporated under the laws of England and Wales, and DAN WOOTTON, an individual, <br><br> Petitioners, <br><br> v. <br><br> LAURA DIVENERE, an individual, MELISSA SAENZ, an individual, and TYLER HADDEN, an individual <br><br> Respondents. | CASE No. 2:20-mc-00027 <br><br> **APPLICATION FOR ORDER COMPELLING TESTIMONY OF LAURA DIVENERE, MELISSA SAENZ AND TYLER HADDEN IN FOREIGN PROCEEDING UNDER 28 U.S.C. 1782** |

8544.5.3.7

1

APPLICATION FOR ORDER COMPELLING TESTIMONY OF LAURA DIVENERE, MELISSA SAENZ AND TYLER HADDEN IN FOREIGN PROCEEDING UNDER 28 U.S.C. 1782

**TABLE OF CONTENTS**

Page

I.   JURISDICTION ...................................................................................... 1

II.  BACKGROUND FACTS ....................................................................... 2

III. IMPORTANCE OF MS. DIVENERE'S TESTIMONY TO THE ACTION ................................................................................................... 3

IV.  IMPORTANCE OF MELISSA SAENZ'S AND TYLER HADDEN'S TESTIMONY TO THE ACTION ................................... 7

V.   GOOD CAUSE EXISTS FOR ISSUING THE ORDER ......................... 8

VI.  PETITIONERS SEEK ORDER ALLOWING THEM TO SERVE MS. DIVENERE'S COUNSEL ................................................ 8

VII. CONCLUSION ....................................................................................... 9

Rufus-Isaacs Acland & Grantham LLP
232 N. Canon Drive
Beverly Hills, California 90210
Tel (310) 274-3803 • Fax (310) 860-2430

8544.5.3.7

i

APPLICATION FOR ORDER COMPELLING TESTIMONY OF LAURA DIVENERE, MELISSA SAENZ AND TYLER HADDEN IN FOREIGN PROCEEDING UNDER 28 U.S.C. 1782

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Global Impex, Inc. v. Specialty Fibres* LLC (ND GA 2015) 77 F.Supp.3d 1268, 1270-1271 .................................................................................................. 9

*LSJ Investment Co., Inc. v. O.L.D., Inc.* (6th Cir. 1999) 167 F.3d 320, 322-323 ....... 9

**FEDERAL STATUTES**

28 U.S.C. § 1331 .................................................................................................... 2

28 U.S.C. § 1782 ................................................................................................ 1, 2

Fed. R. Civ. P. 26 .................................................................................................. 1

FRCP 4(e)(1) ......................................................................................................... 9

U.S.C. §1391(b) .................................................................................................... 2

**STATE STATUTES**

Calif. C.C.P. § 413.30 ........................................................................................... 9

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

8544.5.3.7

ii

APPLICATION FOR ORDER COMPELLING TESTIMONY OF LAURA DIVENERE, MELISSA SAENZ AND TYLER HADDEN IN FOREIGN PROCEEDING UNDER 28 U.S.C. 1782

Petitioners News Group Newspapers Limited ("News Group") and Dan Wootton (jointly, "Petitioners"), based upon the concurrently filed Memorandum of Points and Authorities, Request for Judicial Notice and supporting Declarations and exhibits, and pursuant to 28 U.S.C. § 1782 and Fed. R. Civ. P. 26 and 45, apply to this court for an order compelling respondents Laura Divenere, Melissa Saenz and Tyler Hadden, all being persons who work or reside in this district, to attend a designated location in Los Angeles County on a designated date to give live testimony via video-link in the trial of a pending proceeding in England.

This application seeks substantially the same order as the one that the Court granted on March 11, 2020, in the related case of *News Group Newspapers Limited and Dan Wootton v. Melanie Inglessis*, Case No. 2:20-mc-00020-UA-PJW.

## I. JURISDICTION

Petitioner News Group publishes newspapers including The Sun, and is incorporated under the laws of England and Wales with its registered office at 1 London Bridge Street, London SE1 9GF, United Kingdom. Petitioner Dan Wootton is a journalist employed by News Group who wrote the articles in question, and is a resident of the United Kingdom. [Declaration of Jeffrey Smele ("JS Decl."), ¶2.]

Respondent Laura Divenere is a resident of Los Angeles, California, who works as an interior decorator. [See Exh. 1 (Declaration of Laura Divenere under the caption of the Virginia Action[1] which she executed in Los Angeles on June 28, 2019 ("Divenere Declaration"), and in which she states that she has lived in the Eastern Columbia Building in downtown Los Angeles (¶2)); Exh. 2 (printout of Ms. Divenere's profile on LinkedIn identifying herself as a resident of Los Angeles);

---

[1] Mr. Depp filed a libel action in Fairfax County, Virginia, against his former wife Ms. Amber Heard in respect of a publication in the Washington Post entitled, "I spoke up against sexual violence — and faced our culture's wrath. That has to change" (the "Virginia Action"). The Virginia Action is on-going, but so far as Petitioners are aware, the Divenere Declaration has never been filed. [JS Decl., ¶4.]

8544.5.3.7                                                1
APPLICATION FOR ORDER COMPELLING TESTIMONY OF LAURA DIVENERE, MELISSA SAENZ AND TYLER HADDEN IN FOREIGN PROCEEDING UNDER 28 U.S.C. 1782

Declaration of Alexander Rufus-Isaacs ("ARI Decl."), ¶2.]

Melissa Saenz and Tyler Hadden are police officers employed by the Los Angeles Police Department at Southwest Community Police Station, 1546 West Martin Luther King Jr. Blvd. Los Angeles, C.A. 90062. [Exh. 3.]

This Application is made pursuant to 28 U.S.C. § 1782. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper in this district pursuant to U.S.C. §1391(b).

## II. BACKGROUND FACTS

Petitioners are the defendants in an action currently pending in the Media and Communications List of the Queen's Bench Division of the High Court of England and Wales in London (the "High Court"), captioned *John Christopher Depp II vs. News Group Newspapers Limited, and Dan Wootton*, Claim No. QB-2018-006323 (the "English Action"). The English Action was filed in 2018. The trial is scheduled to commence on March 23, 2020 and is anticipated to last 2 weeks. [JS Decl., ¶3.]

The English Action is a libel claim brought by John Christopher Depp II (the well-known actor who works professionally as Johnny Depp) against News Group and Mr. Wootton. It seeks damages and an injunction in respect of an article published online on The Sun's website on April 27, 2018, and an article published in The Sun on April 28, 2018. [Id.] In the Particulars of Claim (the English equivalent of a complaint), Mr. Depp alleges that the words complained of meant that:

> "Mr. Depp was guilty, on overwhelming evidence, of serious domestic violence against his then wife, causing significant injury and leading to her fearing for her life, for which Mr. Depp was constrained to pay no less than £5 million to compensate her, and which resulted in him being subjected to a continuing court restraining order; and for that reason is not fit to work in the film industry." [Exh. 4, ¶10.]

The Petitioners rely on the defense of substantive truth pursuant to section 2 of the UK's Defamation Act 2013, which is similar to the substantial truth defense under US law. In short, they aver in their Re-Amended Defence (the English equivalent of an Amended Answer), that Mr. Depp "beat his wife Amber Heard

8544.5.3.7

2

APPLICATION FOR ORDER COMPELLING TESTIMONY OF LAURA DIVENERE, MELISSA SAENZ AND TYLER HADDEN IN FOREIGN PROCEEDING UNDER 28 U.S.C. 1782

causing her to suffer significant injury and on occasion leading to her fearing for her life." [Exh. 5, ¶8.] They rely on fourteen specifically alleged incidents of abuse from 2013 to 2016 (some of which took place over multiple days), including an incident on May 21, 2016 which the police were called to attend. They allege more generally that "throughout their relationship Mr. Depp was verbally and physically abusive towards Ms. Heard, particularly when he was under the influence of alcohol and/or drugs" [Id., ¶8(a).]

Mr. Depp responded in a Re-Amended Reply by claiming that "he has never hit or committed any acts of physical violence against Ms. Heard" and "has never done more than grab her arms to prevent her punching him in the face" [Exh. 6, ¶2.1(a).] He also denied each of the specific allegations of violence alleged by the Petitioners.

### III. IMPORTANCE OF MS. DIVENERE'S TESTIMONY TO THE ACTION

In the Divenere Declaration [Exh. 1], Ms. Divenere states as follows:

She worked for Johnny Depp and Amber Heard as their interior decorator in downtown L.A. in the Eastern Columbia Building from July 2014 to sometime in 2016. Thereafter, she worked for Ms. Heard and still did as of June 2019. She also at times lived in the Eastern Columbia Building. [¶2.]

She has been and continues to consider herself a friend of Ms. Heard's. She remained in regular contact with her as of June 2019. She has not communicated with Mr. Depp since 2016. [¶3.]

She is aware that Ms. Heard has made a number of accusations against Mr. Depp alleging violent abuse, including that on May 21, 2016, Mr. Depp threw a phone into Ms. Heard's face as hard as could, hitting her in the eye. and then further beat her face. [¶4.]

She was with Ms. Heard and interacted with her frequently on the several days immediately following her abuse allegation of May 21, 2016, including at least

8544.5.3.7

3

APPLICATION FOR ORDER COMPELLING TESTIMONY OF LAURA DIVENERE, MELISSA SAENZ AND TYLER HADDEN IN FOREIGN PROCEEDING UNDER 28 U.S.C. 1782

on May 23, 24 and 25. On those days, she worked with Ms. Heard, retrieved packages for her, rode elevators with her, and saw her up close and in person. On none of those days immediately following the abuse claims did she observe any signs of physical abuse or injury, including any redness, swelling, cuts, bruising or damage of any kind. She has never seen Ms. Heard with any signs of physical abuse or injury, including redness, swelling, cuts, bruising or damage of any kind. She never saw Ms. Heard injured in any way, although she is now aware that Ms. Heard has made many different abuse claims. [¶5.]

In all her many interactions with Ms. Heard over a period of years, Ms. Heard did not ever mention any allegation of violence or other abuse to Ms. Divenere, who does not recall Ms. Heard making any allegation of violence or other abuse to her in the days immediately following May 21. Ms. Divenere knew and interacted with Ms. Heard's close friends Rocky Pennington, iO Tillett Wright, and her sister Whitney Heard. None of them ever mentioned to her any accusation of violence or other abuse against Ms. Heard by Mr. Depp. [¶6.]

She interacted frequently with Johnny Depp on a professional basis and never witnessed him being aggressive with anyone. [¶7.]

She witnessed Ms. Heard being verbally abusive towards her former personal assistant Kate, screaming at her on the phone. Her then-assistant Kate called Ms. Divenere several times in tears, very upset, regarding the treatment she received from Ms. Heard. [¶8.]

On February 20, 2020, Mr. Depp gave notice that he intends to rely on the Divenere Declaration at trial as hearsay evidence. [See Hearsay Notice (Exh. 7); JS Decl., ¶9.] As explained further below, Petitioners have obtained Orders made in the English Action dated March 6 and March 10, 2020, by Mr. Justice Nicol (a High Court Judge who will also be the Judge at the forthcoming trial) permitting them to challenge Ms. Divenere's hearsay evidence in the Divenere Declaration by cross-examining her at the trial via video-link (the "Orders"). [Exhs. 8 and 9.] However

Ms. Divenere has declined to cooperate with Petitioners, which means that they will only be able to cross-examine her if this Court issues an order compelling Ms. Divenere to testify. [ARI Decl., ¶3; Exh. 14.]

To take Ms. Divenere's deposition would not be as effective as live cross-examination evidence because deposition testimony which is not directly ordered by the English Court is regarded as hearsay under English law and is unlikely to be given the same weight as live evidence at trial. [JS Decl., ¶11.] Practically, there is also insufficient time now for Petitioners to arrange to take a deposition of Ms. Divenere before the start of the trial on March 23, 2020. This lack of time is due to no fault on the part of Petitioners: Mr. Depp did not serve notice of his intention to rely on the Divenere Declaration as hearsay until February 20, 2020. Mr. Justice Nicol gave permission to Petitioners to cross-examine Ms. Divenere at a hearing on February 26, 2020, but the relevant Orders were not finalized until March 6 and March 10. The Petitioners have acted promptly since the hearing on February 26 in trying to arrange for the voluntary testimony of Ms. Divenere without the need to make this Application, and it only became apparent to Petitioners that the Application would indeed be required on March 10, 2020. With now only a week to go until the start of trial, it will not be possible for Petitioners to depose Ms. Divenere. [JS Decl., ¶12.]

Petitioners are particularly keen to cross-examine Ms. Divenere because they understand that Ms. Divenere was pressured into signing the Divenere Declaration and that, accordingly, it is not a true and accurate account. [JS Decl., ¶13.] Shortly after she signed the Divenere Declaration, Ms. Divenere contacted Ms. Heard and told her that she had been pressured into signing it by Adam Waldman, an attorney representing Mr. Depp in the Virginia Action. At the time, Ms. Divenere was unrepresented by counsel. She apologized to Ms. Heard for signing the declaration. Shortly before the Declaration was made, on June 22, 2019, Ms. Divenere had forwarded a text from Mr. Waldman, with her comment, "Ugh – Just wanted to let

8544.5.3.7

5

APPLICATION FOR ORDER COMPELLING TESTIMONY OF LAURA DIVENERE, MELISSA SAENZ AND TYLER HADDEN IN FOREIGN PROCEEDING UNDER 28 U.S.C. 1782

you know." [JS Decl., ¶14; Exh. 10.]

Petitioners have also recently obtained an audio recording of a conversation between Ms. Heard and Ms. Divenere (and a transcript) in which Ms. Divenere again apologizes for making the Declaration, explains that Mr. Waldman had pressured her into doing it, and even asks Ms. Heard to contact her attorneys to *"get me to do a declaration too and question me so that I can say something in your favor"*. [JS Decl., ¶15; Exhs. 11 and 12.] In this audio recording Ms. Divenere gives a completely different account to the one set out in the Divenere Declaration. For example, she says that in the days following May 21, 2016, she did see Ms. Heard's face looking *"all swollen and red and she* [Ms. Heard] *had been crying"* (contrary to ¶5), that she *"never saw Johnny"* and *"didn't really have any interaction with Johnny at all"* (contrary to ¶7), and did not consider that Ms. Heard had been verbally abusive towards Ms. James (contrary to ¶8).] It is therefore crucial for Petitioners to be able to cross-examine Ms. Divenere at trial so that the Judge can properly evaluate Ms. Divenere's evidence.

So far as Petitioners are aware, the Divenere Declaration was never filed in the Virginia Action, but shortly after it was signed, it was leaked to The Blast, a celebrity news website, which published an article about the declaration on July 15, 2019. [Exh. 13.] Petitioners assume that it was leaked by Mr. Depp's lawyers as part of their campaign to denigrate Ms. Heard in the press. This was the subject of the following passage in a Witness Statement submitted to the High Court by Mr. Smele's colleague, Louis Charalambous:

> "I should add that Mr Waldman's threat is consistent with other steps Mr Waldman has taken in the US proceedings to provide documents to the media to advance his client's cause. Mr Waldman obtained a declaration from an individual called Laura Divenere dated 29 June 2019. I exhibit at page 108 of LC 3 a message he sent to Ms Divenere putting pressure on her to cooperate with him by providing a declaration supporting the Claimant's account. However I have been informed by Amber Heard's US lawyers that Ms Divenere's declaration which I exhibit at pages 109-111 of LC 3 has not ever been produced or otherwise relied on by the Claimant in the US libel proceedings. Instead it has been deployed in the media: it was attached as a link to an article published by The Blast enclosed hereto at pages 105-106 of

8544.5.3.7

6

APPLICATION FOR ORDER COMPELLING TESTIMONY OF LAURA DIVENERE, MELISSA SAENZ AND TYLER HADDEN IN FOREIGN PROCEEDING UNDER 28 U.S.C. 1782

LC 3. It is my firm belief that Mr Waldman must have supplied the declaration to Blast for publication – it is difficult to see how else they could have obtained it." [JS Decl., ¶16.]

Ms. Divenere is now represented by Lee A. Sherman of Callahan Thompson Sherman & Caudill, LLP, of Irvine, California. Petitioners' counsel have asked Mr. Sherman if they can interview Ms. Divenere, but Mr. Sherman has informed them that she will not cooperate voluntarily. [ARI Decl., ¶3; Exh. 14.]

## IV. IMPORTANCE OF MELISSA SAENZ'S AND TYLER HADDEN'S TESTIMONY TO THE ACTION

LAPD Officers Melissa Saenz and Tyler Hadden are two of the Police Officers who responded to a 911 call on May 21, 2016 and attended the Eastern Columbia Building that evening. They were deposed in July 2016 in the course of discovery in relation to the divorce proceedings between Mr. Depp and Ms. Heard. [See Deposition Transcripts, Exhs. 15 and 16.]

Mr. Depp has given notice that he intends to rely on the officers' deposition testimony at the trial of the English Action as hearsay evidence. As explained further below, Petitioners have obtained Orders made in the English Action dated March 6 and March 10, 2020, by Mr. Justice Nicol permitting them to challenge this hearsay deposition testimony of Officers Saenz and Hadden by cross-examining them at the trial via video-link. Petitioners' counsel sent letters to Officers Saenz and Hadden which were delivered to their police station on March 9, 2020, asking them to contact Petitioners' counsel to arrange for them to testify voluntarily, but neither officer has responded. [JS Decl., ¶19; ARI Decl., ¶¶4-6; Exhs. 17-21.] Thus, Petitioners will only be able to cross-examine Officers Saenz and Hadden if this Court issues an order compelling them to testify.

To take further depositions from Officers Saenz and Hadden would not be as effective because deposition testimony not directly ordered by the English court is regarded as hearsay under English law and is unlikely to be given the same weight as live evidence at trial. [JS Decl., ¶20.] For the same reasons as set out above in

8544.5.3.7

7

APPLICATION FOR ORDER COMPELLING TESTIMONY OF LAURA DIVENERE, MELISSA SAENZ AND TYLER HADDEN IN FOREIGN PROCEEDING UNDER 28 U.S.C. 1782

relation to Ms. Divenere, there is also insufficient time for Petitioners to arrange to take a deposition of Officers Saenz and Hadden before the start of the trial on March 23, 2020.

## V. GOOD CAUSE EXISTS FOR ISSUING THE ORDER

Good cause exists for granting this Application because Respondents' testimony is critical to Petitioners' defense in the English Action. If they are deprived of the opportunity properly to test and challenge the accounts of Ms. Divenere and Officers Saenz and Hadden which are set out in their prior deposition testimony and declaration, Petitioners will suffer severe prejudice and be unduly hampered in their ability to defend themselves against the claims asserted in the English Action and the Judge in the English Action will not properly be able to assess this evidence and weigh it against other evidence in the case.

Moreover, this application is made in accordance with the Orders made in the English Action dated March 6 and 10, 2020, by Mr. Justice Nicol, who gave permission for Respondents to give live cross-examination evidence at trial via video link. [Exhs. 8 and 9.] These Orders were made following hearings in which Mr. Depp was legally represented (and, in the case of the Order dated March 6, was personally present in Court). Mr. Depp's attorney made clear that Mr. Depp had no objection to those Orders being made, provided that Petitioners made the necessary arrangements for these individuals to be cross-examined. [JS Decl., ¶21.] This is what Petitioners now seek to do.

## VI. PETITIONERS SEEK ORDER ALLOWING THEM TO SERVE MS. DIVENERE'S COUNSEL

The Hearsay Notice shows that Mr. Depp intends to use the Divenere Declaration at trial, but he has provided no mailing address for her and though Petitioners are trying to find her, her whereabouts are currently unknown. [Exhs. 7 and 19.] However she is represented by Lee A. Sherman of Callahan Thompson Sherman & Caudill, LLP, of Irvine, California, who has had several

communications with Petitioners' counsel on her behalf and has informed them that she will not cooperate voluntarily. [Exh. 14.] And Mr. Depp's lawyers have provided an email address for her. [Exh. 19.] Given the urgency of the situation, if the Court grants this Application, Petitioners seek an order permitting them to serve the Order on Ms. Divenere by serving her counsel, Mr. Sherman, by email and/or by Federal Express, and by serving the Order on her by email at the email address provided by Mr. Depp's lawyers.

An individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." [FRCP 4(e)(1); *LSJ Investment Co., Inc. v. O.L.D., Inc.* (6th Cir. 1999) 167 F.3d 320, 322-323. Thus Petitioners are entitled to utilize the same procedures they could use in state court to effect service in this action, which includes service pursuant to court order by any manner reasonably calculated to give actual notice where there is no applicable statutory provision for service (Calif. C.C.P. § 413.30; see *Global Impex, Inc. v. Specialty Fibres* LLC (ND GA 2015) 77 F.Supp.3d 1268, 1270-1271 (applying Calif. law)—service by email ordered under CCP § 413.30 where plaintiff exercised diligence in attempting service by other methods and email address was reliable means of giving defendant notice).

## VII. CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court issue an order compelling Respondents to appear at the Beverly Hills Bar Association located at 9420 Wilshire Blvd., 2nd Floor, Beverly Hills, CA 90212 (or another designated location in Los Angeles County) at a designated time to testify via live satellite video link directly into the courtroom in London where the trial of the English Action is proceeding. [See [Proposed] Order filed concurrently herewith.] Petitioners expect that their examination of each Respondent will not last more than one hour. In addition to being directly cross-examined by Petitioners' counsel, each

Respondent may also be re-examined by Mr. Depp's counsel and/or questioned by the High Court judge.

Petitioners have tentatively selected March 27, 2020 as the best date for Respondents' testimony and request that they be ordered to appear at the designated location in time to commence testifying at 7:00 am PST, which is 3:00 pm London time. The High Court usually finishes trials by 5:00 pm each day, and rarely agrees to continue beyond that time. [JS Decl., ¶22.]

Petitioners further request that the order should provide that if Respondents' testimony cannot be completed on the first day, it shall resume on the next day and time which is set by the High Court; that their testimony shall be subject to English legal practice and procedure; that their testimony shall not exceed a total of seven hours; and that if the date, time or place for their testimony changes, Petitioners shall notify Respondents and their counsel (if known) at least 48 hours in advance.

Moreover, on the basis that Ms. Divenere and Officers Hadden and Saenz may lose out on professional work due to being otherwise engaged giving evidence, Petitioners agree to reimburse them for their time spent giving evidence at their usual professional rate (subject to being provided with satisfactory proof of such loss and the amount thereof). This order satisfactorily balances Petitioners' need to obtain Respondents' testimony with minimizing the inconvenience to them of having to testify.

Finally, an order compelling Respondents to testify in this manner will not burden this Court in any way, as it is not being asked to supervise the proceedings, nor is it likely that it will have to coercively enforce it.[2]

Petitioners respectfully request that the Court issue an order in good time

---

[2] Mr. Sherman has indicated in an email to Petitioners' counsel that he may oppose the application on her behalf. [Exh. 14.] A courtesy copy of this Application will be served on him as soon as it has been filed, as he requested. Id.

before March 23, 2020 (which is the first day of the trial in the English Action), so that the necessary arrangements can be made.

DATED: March 16, 2020      RUFUS-ISAACS ACLAND & GRANTHAM LLP

By: _____
Alexander Rufus-Isaacs
Attorneys for Petitioners News Group
Newspapers Limited and Dan Wootton

8544.5.3.7

11

APPLICATION FOR ORDER COMPELLING TESTIMONY OF LAURA DIVENERE, MELISSA SAENZ AND TYLER HADDEN IN FOREIGN PROCEEDING UNDER 28 U.S.C. 1782