# EXHIBIT 1

VIRGINIA:

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

JOHN C. DEPP, II

    Plaintiff,

v.

                               Civil Action No.: CL-2019-0002911

AMBER LAURA HEARD

    Defendant.

## DECLARATION OF LAURA DIVENERE

I, Laura Divenere, declare as follows:

1.     I am over the age of 18 and note a party to this action. I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2.     I worked for Johnny Depp and Amber Heard as their interior decorator in downtown LA in the Eastern Columbia Building from July 2014 to sometime in 2016. Thereafter, I worked for Amber and still do to this day. I also at times have lived in the Eastern Columbia Building.

3.     I have been and continue to consider myself a friend of Amber's. I remain in regular contact with Amber. I have not communicated with Mr. Depp since 2016.

4.     I am aware that Amber has made a number of accusations against Mr. Depp alleging violent abuse. I am aware that one of those accusations was that on

Saturday, May 21, 2016, Mr. Depp threw a phone into Amber's face as hard as he could, hitting her in the eye, and then further beat Amber's face.

5.   I was with Amber and interacted with her frequently on the several days immediately following her abuse allegation of May 21, 2016, including at least on May 23, 24 and 25. On those days, I worked with Amber, retrieved packages for her, rode elevators with her, and saw her up close and in person. On none of those days immediately following the abuse claims did I observe any signs of physical abuse or injury, including any redness, swelling, cuts, bruising or damage of any kind. I have never seen Ms. Heard with any signs of physical abuse or injury, including redness, swelling, cuts, bruising or damage of any kind. I never saw Amber injured in any way, although I am now aware that she has made many different abuse claims.

6.   In all my many interactions with Amber over a period of years, she did not ever mention any allegation of violence or other abuse to me. I do not recall any allegation of violence or other abuse to me in the days immediately following May 21. I knew and interacted with Amber's close friends Rocky Pennington, io Tillett Wright, and her sister Whitney Heard. None of them ever mentioned any accusation of violence or other abuse against Amber by Mr. Depp.

7.   I interacted frequently with Johnny Depp on a professional basis. I found him always to be delightful. I never witnessed him being aggressive with anyone.

8.   I witnessed Amber being verbally abusive towards her former personal assistant Kate, screaming at her on the phone. Her then-assistant Kate called me

several times in tears, very upset, regarding the treatment she received from Amber.

9.      I am aware from news articles that Amber was arrested and spent the night in jail for domestically abusing her former wife.

10.     As part of my job, I helped Mr. Depp acquire valuable furniture and decorative fixtures for his Penthouse 3. When Ms. Heard was preparing to move out of the penthouse, I witnessed pink post-it notes covering much of this furniture that I had acquired for Mr. Depp, which was paid for by Mr. Depp, stating that this furniture was Amber's property. Amber did take this furniture. I assumed at the time that this furniture was part of some divorce settlement between the parties.

Executed this 28 day of June, 2019 in Los Angeles.

I declare under the penalty of perjury under the laws of the United States of America and the State of Virginia that the foregoing is true and correct.

Laura Divenere